In the Interest of : Wayne K., a Minor. Allegheny County Child Welfare Services, Appellant.

Argued November 2, 1977, before President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Rogers and Blatt.

*James A. Esler,* Assistant County Solicitor, with him *Alexander J. Jaffurs,* County Solicitor, for appellant.

*Kellen McClendon,* Assistant Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., February 21, 1978:

Allegheny County Child Welfare Service (Appellant) appeals the decision of the court of common pleas which held that it, rather than the Department of Public Welfare of the Commonwealth of Pennsylvania (DPW), should bear the cost of the placement of a mentally disturbed child in a private care facility. Appellant asserts that it is DPW's responsibility to pay the entire cost. We cannot agree and affirm the court below.

The circumstances in which DPW is obligated to pay the entire cost[1] of the care of an individual are specifically listed in Section 507 of the Mental Health and Retardation Act of 1966, Act of October 20, 1966, Special Sess. No. 3, P.L. 96, *as amended*, 50 P.S. §4507 (Act), which states:

> (a) Except as provided in sections 501, 502, and 505, the Commonwealth shall pay for the following:
>
> (1) Diagnosis, evaluation and care in State operated facilities, or in a facility with which the State may contract.
>
> (2) Such other obligations as may arise under any new program established by the department.
>
> (3) Payments for inpatient care not exceeding sixty days per benefit period, and partial hospitalization not exceeding one hundred twenty days, per year, for persons financially ineligible for such care under the Public Assistance Law.

---

[1] The obligation of DPW to pay the cost of interim care of a mentally disturbed person pursuant to Section 507(4) of the Act, 50 P.S. §4507(4), was limited by this Court in the decision of Judge WILKINSON in *County of Allegheny v. Department of Public Welfare*, 33 Pa. Commonwealth Ct. 267 (1978).

(4) Interim care of mentally retarded persons, who have been removed from their homes and who, having been accepted, are awaiting admission to a State facility.

Since the child is cared for in a private facility but is not awaiting admission to a state facility, DPW is not statutorily authorized to pay the cost of care. The exceptions contained in Sections 501, 502 and 505, 50 P.S. §§4501, 4502 and 4505, are not applicable here.

Appellant cites the general provisions of the Act for the proposition that DPW is responsible for payment. Section 201(1) of the Act, 50 P.S. §4201(1), states:

The department shall have power, and its duty shall be:

(1) To assure within the State the availability and equitable provision of adequate mental health and mental retardation services for all persons who need them, regardless of religion, race, color, national origin, settlement, residence, or economic or social status.

This section does not require DPW to pay any costs but only assure the availability of care and would not overrule the specific provisions of the Act which fail to authorize these payments.

The rules of statutory construction require that a section dealing specifically with a subject controls a section of general applicability. As is stated in 1 Pa. C.S. §1933:

Particular controls general

Whenever a general provision in a statute shall be in conflict with a special provision in the same or another statute, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions is irreconcilable, the special provi-

14

sions shall prevail and shall be construed as an exception to the general provision.

The Act puts the responsibility for the placement and care of the mentally disabled upon county organizations, and absent a specific provision requiring DPW to bear the cost, the cost burden is upon county organizations, typified by Appellant in this litigation.

In view of the clear statutory provisions, where the county chooses to place an individual in a private facility, DPW is not required to pay for the cost of care.[2]

Accordingly, we

ORDER

AND Now, this 21st day of February, 1978, the decision and order of the Court of Common Pleas of Allegheny County is hereby affirmed.

---

[2] We must observe that, pursuant to Section 509(1) of the Act, 50 P.S. §4509(1), DPW is required to ultimately reimburse 90% of the cost of approved county programs as limited by deductions for sums which the county receives from other public and private sources.